# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00209-MR

| | | |
|---|---|---|
| JOSHON NANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU SIMMERS, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing a use of force incident that allegedly occurred at the Foothills Correctional Institution, where he is still incarcerated.[1] The Plaintiff names as Defendants FNU Simmers[2] and FNU Lockwood, who are both correctional officers. As injury, he claims that: he was knocked unconscious;

---

[1] The Complaint's signature block is unsigned, but the Plaintiff signed the attached Certificate of Service. [Doc. 1 at 5-6]. Although the Plaintiff did not technically comply with Fed. R. Civ. P. 11, the Court will nevertheless accept the pro se Complaint. See generally United States v. Ekwegh, 19 F.3d 1430 (4th Cir. 1994) (unpublished) (district court should have considered a criminal motion that was not signed, but which was accompanied by a signed certificate of service); Conner v. Duncan, 2013 WL 12136592, at *6 (M.D.N.C. Mar. 27, 2013) (applying Ekwegh in a civil case).

[2] Also identified as "Simmerer" in the Complaint. [Doc. 1 at 7].

he gets "strong headaches" almost daily; his "vision goes in & out when it's cold;" and it hurts if he chews too much or for too long.  [Id. at 4].  He seeks compensatory, nominal, and punitive damages; injunctive relief; and a jury trial.  [Id. at 5].

## II.     STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc.

Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was

"deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law."

Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Complaint contains allegations regarding individuals who are not

named as defendants.  [See, e.g., Doc. 1 at 7-8 (referring to the "chief of

staff" and Officer Omeara)].  These claims cannot proceed.  See generally

Fed. R. Civ. P. 10(a) (requiring the title of the complaint to name all parties);

see, e.g., Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-

FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities

the allegations against individuals not named as defendants in the caption

as required by Rule 10(a)).  Therefore, to the extent that the Plaintiff attempts

to assert claims against individuals who are not Defendants, such claims are

dismissed.

The Plaintiff also uses vague terms and pronouns rather than

identifying the individual(s) involved in each allegation.  [See, e.g., Doc. 1 at

8 (referring to "over 10 officers," and claiming that: "the officers here throw

3

out our mail;" "a nurse" failed to provide an ice pack or blood pressure medication; and "the officers" are "a threat more than the other inmates"[3]). Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, to the extent that these allegations refer to non-parties, they are nullities for the reasons discussed supra.

The Plaintiff claims that Defendants Simmers and Lockwood sprayed him excessively with mace, slammed him to the ground, and knocked him unconscious [Doc. 1 at 8]; that Defendant Lockwood punched Plaintiff's head three or four times while he was unconscious [id. at 4, 8]; and that this resulted from "racial[] profiling" and "race discrimination" [id. at 8].

---

[3] The Plaintiff further states that he "will be filing a lawsuit on those officers as well as the entire Foothills Correctional Institution." [Doc. 1 at 8]. The Plaintiff is cautioned against filing duplicative lawsuits. He is strongly encouraged to familiarize himself with the applicable Federal Rules of Civil Procedure, and to present claims related to the instant lawsuit and involving the same Defendants in the Amended Complaint in the instant case, if appropriate. See generally Fed. R. Civ. P. 18, 20, 21.

4

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

To establish an Eighth Amendment excessive force claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking the allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Court concludes that he has stated an excessive force claim against Defendants Simmers and Lockwood.

However, the Plaintiff's vague allusions to "race discrimination" and "racial profiling" are bald legal conclusions; to the extent that the Plaintiff attempted to assert a separate claim based on these allegations, it is dismissed.  See generally Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.

## IV.    CONCLUSION

In sum, the Complaint has passed initial review against Defendants Simmers and Lockwood for the use of excessive force.  The remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings.  Piecemeal amendment will not be allowed.  Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the matter will proceed only on the claims described in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendants Simmers and Lockwood for the use of excessive force.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will proceed only on the claims as provided in this Order.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge