IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00209-MR

| | |
|---|---|
| JOSHON NANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU SIMMERER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Third Amended Complaint. [Doc. 14]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Foothills Correctional Institution, where he is still incarcerated. The Complaint passed initial review against Defendants FNU Simmerer[1] and FNU Lockwood, who are both correctional officers, for the use of excessive force. [Doc. 8]. Additional claims were dismissed without prejudice, and the Plaintiff was granted the opportunity to amend. [Id.]. The Plaintiff failed to comply with the Court's

---

[1] Also "Simmers." [See Doc. 1].

instructions to file a "superseding" Amended Compliant and to refrain from piecemeal filing, and he was given another opportunity to amend in an Order issued on November 29, 2022. [See Docs. 9-11]. The Plaintiff's Third Amended Complaint is now before the Court for initial review.[2] [Doc. 14].

The Plaintiff again names correctional officers FNU Simmerer and FNU Lockwood as Defendants. He claims that the Defendants violated his Eighth and Fourteenth Amendment rights.[3] He asserts the same injuries as he previously raised, and he additionally claims that his blood pressure was 160/140 after the incident. [Id. at 11]. He again seeks compensatory, nominal, and punitive damages, and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Third Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state

---

[2] The Court will disregard the Plaintiff's "Additional Statement" [Doc. 12], which is a piecemeal filing that appears to have crossed in the mail with the Court's November 29, Order. [See Doc. 11]. The undated Letter [Doc. 13] that was docketed on December 7, 2022, in which the Plaintiff asks to be transferred to another prison, will also be disregarded. [See Doc. 3 at ¶ 5 (Order of Instructions noting that "Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court.")]. The Plaintiff is cautioned that any further frivolous, duplicative, or otherwise improper filings may be stricken without further notice.

[3] The Court has liberally construed the Third Amended Complaint, and will address all of the claims that are reasonably suggested by the allegations.

2

Case 1:22-cv-00209-MR Document 15 Filed 01/13/23 Page 2 of 8

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Plaintiff again makes allegations regarding individuals who are not named as defendants, and he uses vague terms and pronouns such that the Court cannot identify the individual(s) to whom he refers. [See, e.g., Doc. 14 at 7-8 (referring to Arthur W. Omeara, 10 unidentified officers, Sgt. Barner, Lt. Bivens, "the officers," "a nurse," and "they")]. These allegations are

dismissed for the reasons discussed in the Order on initial review of the Complaint. [Doc. 8 at 3-4].

The Plaintiff again claims that Defendants Simmerer and Lockwood used excessive force against him. [Doc. 14 at 5-6]. This claim passes initial review in that it is not clearly frivolous, as previously discussed. [See Doc. 8 at 4-5].

The Plaintiff cites the Equal Protection Clause [Doc. 14 at 3], and he refers generally to "racism," "racial discrimination," paternalism, and harassment. [id. at 5, 7-8]. These conclusory assertions are not supported by any factual allegations and they are again dismissed. [See Doc. 8 at 6].

Construing the allegations liberally, the Plaintiff appears to assert a claim for retaliation. An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018). To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that

4

adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Here, the Plaintiff appears to claim that Defendants Simmerer and Lockwood planted drugs in his cell after they discovered that some of his legal papers included their names. [See Doc. 14 at 4, 8]. Taking the allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, his retaliation claim passes initial review against Defendants Simmerer and Lockwood, in that it is not clearly frivolous.

The Plaintiff's allegations appear to allude to violations of prison procedure. [See Doc. 14 at 5 (referring to the Plaintiff's rights to speak to a superior officer, and to attend school); id. at 7 (discussing rejected grievances)]. A policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison

5

policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"); see also Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) (an inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure."). Accordingly, the Plaintiff's allusions to policy violations fail to state a claim and are dismissed.

Finally, the Plaintiff appears to seek preliminary injunctive relief. He claims that he is being harassed and feels like a target; he asks to be shipped to another prison so he can "rightfully fight [his] 1983 prisoner civil rights case without the continuance of distress, harassment and false accusations as well as racial discrimination." [Doc. 14 at 9].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer

6

Case 1:22-cv-00209-MR   Document 15   Filed 01/13/23   Page 6 of 8

irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, his request for preliminary injunctive relief is denied.

**IV. CONCLUSION**

In sum, the Third Amended Complaint has passed initial review against Defendants Simmerer and Lockwood for the use of excessive force and for retaliation. The remaining claims are dismissed without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Third Amended Complaint [Doc. 14] passes initial review against Defendants Simmerer and Lockwood for the use of excessive force and for retaliation.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants FNU Simmerer and FNU Lockwood, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 13, 2023

Martin Reidinger
Chief United States District Judge